IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Alejandro Ortega-Lopez,

                    Petitioner,

vs.

Charles Ryan, et al.,

                    Respondent.

No. CV 11-0618-TUC-JGZ (BPV)

**REPORT AND RECOMMENDATION**

On September 28, 2012, Petitioner, Alejandro Ortega-Lopez, an inmate confined in the Arizona State Prison Complex-Florence in Douglas, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to Title 28, U.S.C. § 2254. ("Petition"). (Doc. 1.) An Amended Petition was filed on ("Amended Petition") December 1, 2011. (Doc. 6.) Respondents have filed an answer to the Amended Petition ("Answer") with exhibits A through H attached. (Doc. 14.) Petitioner filed a reply ("Reply") on May 17, 2012. (Doc. 16.) Petitioner also filed a motion to supplement, with exhibits A through C attached, which the Magistrate Judge granted on May 15, 2013.

Pursuant to the Rules of Practice of this Court, these matters were referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation. (Doc. 25.)

For the reasons discussed below, the Magistrate Judge recommends that the

Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 6) be

DENIED and DISMISSED WITH PREJUDICE.

## I.  BACKGROUND

### A. Trial Court Proceedings

The Arizona Court of Appeals summarized the procedural background of the state

court proceeding in its memorandum decision affirming Petitioner's convictions:

> After a jury trial, appellant Alejandro Lopez was convicted of attempted
> theft by control, theft of means of transportation, and two counts of third-
> degree burglary. The trial court found he had two historical prior felony
> convictions and sentenced him to presumptive, concurrent prison terms, the
> longest of which is 11.25 years.[1]

Answer, Ex. A at ¶2.

### B. Appeal

On August 31, 2010, the state appellate court affirmed Petitioner's conviction on

direct appeal. (Answer, Ex. A.) The appellate court addressed Petitioner's arguments,

raised in his *pro se* brief, rejecting Petitioner's contentions that the trial court abused its

discretion in (1) finding Petitioner should wear jail garb to trial; and (2) neglecting to find

just cause existed to have appointed, effective assistance of counsel at all critical stages

of the proceeding. (Answer, Exs. A, D.)  Petitioner also asserted that the trial court was

biased and prejudiced towards Petitioner. *Id*.

Petitioner filed a petition for review to the Arizona Supreme Court, which was

---

[1] The trial court's sentencing minute entry characterized Petitioner's offenses as
non-repetitive. The appellate court affirmed Petitioner's convictions, but upon review of
the sentencing transcripts, directed the trial court to correct the minute entry to reflect that
Petitioners' convictions were for repetitive offenses. Answer, Ex. A, at 2, n. 2.

denied on September 6, 2011. (Answer, Ex. C.)

### C. Petition for Post-Conviction Relief and Other Requested Post-Trial Relief

It does not appear from the record before this Court that any petition for post-conviction relief ("PCR") was filed. *See* Answer (Factual and Procedural Background).

Petitioner does assert that he filed a motion to vacate the judgment before the trial court, two special actions in the appellate court, and a habeas corpus petition with the Arizona Supreme Court. (Amended Petition, at 3-5.) Petitioner asserts that the first special action was dismissed, and the court of appeals declined to accept jurisdiction of the second. *Id*. at 4. Petitioner states that the date he filed the first special action, alleging due process violations in relation to preliminary examinations, is unknown, and that the second special action, alleging excessive bail, and the habeas corpus, alleging due process and equal protection violations, were filed in 2008. *Id*. at 4-5. Petitioner states that the habeas corpus petition was denied for failure to exhaust. *Id*. at 5.

### D. Federal Habeas Petition

The Amended Petition raises four grounds for relief. (Amended Petition, at 6-9.) In Ground One, Petitioner alleges that the trial court violated his federal due process rights by compelling Petitioner to appear at trial in jail attire. In Ground Two, Petitioner alleges that his Sixth and Fourteenth Amendment rights were violated by the ineffective assistance of counsel. In Ground Three, he alleges that his federal due process rights were violated by the trial court's refusal to recuse based on bias and prejudice. In his Fourth Ground for relief, Petitioner asserts that his Eighth and Fourteenth Amendment rights

were violated by the trial court's refusal to grant his motion to vacate judgment.

## II. DISCUSSION

### A. Standard of Review

Because Petitioner filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA").

### B. Statute of Limitations

Under the AEDPA, a state prisoner must generally file a petition for writ of habeas corpus within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).

### C. Exhaustion of State Remedies

A writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To exhaust state remedies, a petitioner must "fairly present" the operative facts and the federal legal theory of his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277–78 (1971). If a habeas claim includes new factual allegations not presented to the state court, it may be considered unexhausted if the new facts "fundamentally alter" the legal claim presented and considered in state court. *Vasquez v. Hillery*, 474 U.S. 254, 260

(1986).

In Arizona, there are two primary procedurally appropriate avenues for petitioners to exhaust federal constitutional claims: direct appeal and PCR proceedings. Rule 32 of the Arizona Rules of Criminal Procedure governs PCR proceedings and provides that a petitioner is precluded from relief on any claim that could have been raised on appeal or in a prior PCR petition. Ariz.R.Crim.P. 32.2(a)(3). The preclusive effect of Rule 32.2(a) may be avoided only if a claim falls within certain exceptions (subsections (d) through (h) of Rule 32.1) and the petitioner can justify why the claim was omitted from a prior petition or not presented in a timely manner. *See* Ariz.R.Crim.P. 32.1(d)-(h), 32.2(b), 32.4(a).

A habeas petitioner's claims may be precluded from federal review in two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729–30. Second, a claim may be procedurally defaulted if the petitioner failed to present it in state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n. 1; *see also Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (stating that the district court must consider whether the claim could be pursued by any presently available state remedy). If no remedies are currently available pursuant to Rule 32, the claim is "technically" exhausted but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n. 1; *see also Gray v. Netherland,* 518 U.S.

152, 161-62 (1996).

Because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *Reed v. Ross*, 468 U.S. 1, 9 (1984). However, the Court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates legitimate cause for the failure to properly exhaust the claim in state court and prejudice from the alleged constitutional violation, or shows that a fundamental miscarriage of justice would result if the claim were not heard on the merits in federal court. *Coleman*, 501 U.S. at 750.

Cause is defined as a "legitimate excuse for the default," and prejudice is defined as "actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991); *see Murray v. Carrier*, 477 U.S. 478, 488 (1986) (a showing of cause requires a petitioner to show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule"). Prejudice need not be addressed if a petitioner fails to show cause. *Thomas*, 945 F.2d at 1123 n.10. To bring himself within the narrow class of cases that implicate a fundamental miscarriage of justice, a petitioner "must come forward with sufficient proof of his actual innocence" *Sistrunk v. Armenakis*, 292 F.3d 669, 672-73 (9th Cir. 2002) (internal quotation marks and citations omitted), which can be shown when "a petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 673 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

D. <u>Standard of Review: Merits</u>

Petitioner's habeas claims are governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA established a "substantially higher threshold for habeas relief" with the "acknowledged purpose of 'reduc[ing] delays in the execution of state and federal criminal sentences.'" *Schriro v. Landrigan*, 550 U.S. 465, 475 (2007) (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)). The AEDPA's "'highly deferential standard for evaluating state-court rulings' ... demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*) (quoting *Lindh*, 521 U.S. at 333 n. 7).

Under the AEDPA, a petitioner is not entitled to habeas relief on any claim "adjudicated on the merits" by the state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The relevant state court decision is the last reasoned state decision regarding a claim. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991)); *Insyxiengmay v. Morgan*, 403 F.3d 657, 664 (9th Cir. 2005).

"The threshold question under AEDPA [is] whether [the petitioner] seeks to apply

a rule of law that was clearly established at the time his state-court conviction became final." *Williams v. Taylor*, 529 U.S. 362, 390 (2000). Therefore, to assess a claim under subsection (d)(1), the Court must first identify the "clearly established Federal law," if any, that governs the sufficiency of the claims on habeas review. "Clearly established" federal law consists of the holdings of the Supreme Court at the time the petitioner's state court conviction became final. *Id*. at 365; *see Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Clark v. Murphy*, 331 F.3d 1062, 1069 (9ᵗʰ Cir. 2003), *overruled on other grounds Lockyer v. Andrade*, 538 U.S. 63 (2003). Habeas relief cannot be granted if the Supreme Court has not "broken sufficient legal ground" on a constitutional principle advanced by a petitioner, even if lower federal courts have decided the issue. *Williams v. Taylor*, 529 U.S. at 381; *see Musladin*, 549 U.S. at 76-77; *Casey v. Moore*, 386 F.3d 896, 907 (9ᵗʰ Cir. 2004). Nevertheless, while only Supreme Court authority is binding, circuit court precedent may be "persuasive" in determining what law is clearly established and whether a state court applied that law unreasonably. *Clark*, 331 F.3d at 1069.

The Supreme Court has provided guidance in applying each prong of § 2254(d)(1). The Court has explained that a state court decision is "contrary to" the Supreme Court's clearly established precedents if the decision applies a rule that contradicts the governing law set forth in those precedents, thereby reaching a conclusion opposite to that reached by the Supreme Court on a matter of law, or if it confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result. *Williams v. Taylor,* 529 U.S. at 405–06; *see Early v. Packer,*

537 U.S. 3, 8 (2002) (*per curiam*). In characterizing the claims subject to analysis under the "contrary to" prong, the Court has observed that "a run-of-the-mill state-court decision applying the correct legal rule to the facts of the prisoner's case would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause." *Williams v. Taylor,* 529 U.S. at 406; *see Lambert v. Blodgett,* 393 F.3d 943, 974 (9th Cir. 2004).

Under the "unreasonable application" prong of § 2254(d)(1), a federal habeas court may grant relief where a state court "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular ... case" or "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor,* 529 U.S. at 407. For a federal court to find a state court's application of Supreme Court precedent "unreasonable," the petitioner must show that the state court decision was not merely incorrect or erroneous, but "objectively unreasonable." *Id.* at 409; *Landrigan,* 550 U.S. at 473; *Visciotti,* 537 U.S. at 25.

In conducting review under § 2254(d)(1), this Court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, —–U.S. —––, 131 S.Ct. 1388, 1398–99 (2011).

Under the standard set forth in § 2254(d)(2), habeas relief is available only if the state court decision was based upon an unreasonable determination of the facts. *Miller–El v. Dretke,* 545 U.S. 231, 240 (2005) (*Miller–El II* ). A state court decision "based on a

factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller–El,* 537 U.S. 322, 340 (2003) ( *Miller–El I* ); *see Taylor v. Maddox,* 366 F.3d 992, 999 (9th Cir. 2004). In considering a challenge under § 2254(d)(2), state court factual determinations are presumed to be correct, and a petitioner bears the "burden of rebutting this presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Landrigan,* 550 U.S. at 473–74; *Miller–El II,* 545 U.S. at 240.

**III.   ANALYSIS**

A. Timeliness

Petitioner had until one year after his conviction and sentence became final to file his federal petition. Respondents concede (Answer at 3) and the Magistrate Judge finds, that pursuant to the AEDPA the Petition is timely.

B. Ground One

In Ground One, Petitioner alleges that the trial court violated his federal due process rights by compelling Petitioner to appear at trial in jail garb. (Amended Petition, at 6.) Respondents assert the state appellate court did not unreasonably apply controlling Supreme Court precedent in rejecting this claim. (Answer, at 6-9.) The Magistrate Judge finds Petitioner has failed to satisfy the standard for habeas relief, and recommends that the claim in Ground One be denied.

i.      *Exhaustion/Procedural Default*

Respondents concede that Petitioner exhausted Ground One in the state courts. *See*

(Answer, at 3, 5)(asserting only one of Petitioner's claims, Ground Three, is procedurally defaulted). A review of the state court proceedings demonstrates that Petitioner has exhausted this claim. Accordingly, the Court will address the merits of the claim below.

ii.     Merits

Petitioner contends that he was prejudiced by the trial court's conduct which compelled Petitioner to appear at trial wearing jail garb. Respondents argue that the state appellate court correctly found that Petitioner failed to demonstrate a constitutional violation because Petitioner did not object to appearing before the jury in prison attire. See (Answer, at 7-8.)

Clearly established federal law does not prohibit the State from trying a defendant in prison clothing. *See Estelle v. Williams*, 425 U.S. 501, 503-06 (1976). Rather, the State may not force a defendant to appear in such attire. In *Williams,* the Supreme Court held that, "although the State cannot, consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes, the failure to make an objection to the court as to being tried in such clothes, *for whatever reason*, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." *Id*. at 512-513 (emphasis added).

The appellate court, applying *Williams*, found that Petitioner failed to show he was compelled to appear in jail attire when he did not object to doing so, nor did Petitioner expressly ask to appear in his own clothing or explain why he was "incapable of acquiring" it. (Answer, Ex. A, at ¶¶ 10-13.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Having reviewed the record, the Magistrate Judge finds that the state court did not unreasonably apply *Williams*. Petitioner does not argue that the state court applied a rule that contradicts the governing law as set forth in *Williams*. Nor does the Petitioner argue that the appellate court reached a different result upon confrontation of a set of facts that is materially indistinguishable from the Supreme Court's decision in *Williams*. Petitioner does argue that, contrary to the appellate court's factual finding that Petitioner failed to raise an objection to the court as to being tried in such clothes, he did in fact object. (Motion to Supplement Reply (Doc. 21), at 1-3.) Thus, this Court analyzes the claim under the "unreasonable application" prong of §2254(d)(2).  Accordingly, the Petitioner bears the burden of rebutting the presumption that he failed to raise an objection to the trial court regarding his appearance in jail attire, by "clear and convincing evidence."

The record supports the appellate court's conclusion, and nothing in the record, including the exhibits attached to Petitioner's supplemental reply, demonstrates Petitioner's compulsion, over objection, to appearing in prison attire before the jury. As Respondents correctly assert, Petitioner not only failed to object, but he did not indicate that he did not want to appear before the jury in prison attire. The day before trial, the trial court told Petitioner that he could "appear [at trial] in any way that you want. You can appear in street clothes or you can appear in jailhouse clothes." (Answer, Ex. E. Tr. 6/23/08, at 25.) The trial court then asked Petitioner "What are your plans on that, sir," and Petitioner replied "I'm completely incapable of acquiring clothing for the trial, so I don't know how to appear other than in jail garb at the time." (*Id*.) Petitioner then

- 12 -

changed topics and did not raise any further issue regarding jail attire. (*Id*.) The next day—the first day of trial— the trial court again raised the issue, stating "Allright. Mr. Lopez, you're here in your jail uniform. Is that how you wish to proceed, sir?" (Answer, Ex. F, Tr. 6/24/08, at 21.) Petitioner responded "At this point I have no choice, I guess," and he did not pursue the matter further. (*Id*.) During the settling of jury instructions, Petitioner indicated he did not wish to have an instruction informing the jury that they were to draw no inferences of Petitioner's guilt or innocence based on Petitioner's clothing, based on "the likelihood of prejudicial thought associated with appearing in … trial in jail garb" but did not object to proceeding to trial in jail attire. (Motion to Supplement Clarification, Ex. A, at 7-8.) The record demonstrates that Petitioner failed to object to appearing at trial in jail attire. Although Petitioner submits that he requested clothing from counsel well in advance of trial, a request for clothing to Petitioner's counsel does not alert the trial court that an objection is being made to proceeding to trial in jail attire. Petitioner fired his advisory counsel, who was under no obligation to Petitioner aside from remaining on call throughout the trial in case the court recalled him to assist Petitioner with trial. *See* Answer, Ex. F, Tr. 6/24/03, at 15-16. Furthermore, the trial court is not to be faulted for not asking if a defendant is deliberately going to trial in jail clothes. *See Estelle v. Williams*, 425 U.S. at 512 (refusing to "rewrite the duties of trial judges" to impose a burden on the trial judge to ask respondent whether he is deliberately going to trial in jail clothes). At no point did Petitioner make known to the trial court that he objected to his appearance in jail attire, nor did Petitioner make a

request to the judge presiding over his trial that he wished to appear in civilian clothing. *See id*. at 512, n.9 ("[R]espondents silence precludes any suggestion of compulsion.") In view of the foregoing, the appellate court reasonably concluded that Petitioner was not forced to wear prison attire. Petitioner's failure to object to being tried in prison attire is sufficient to negate the presence of compulsion necessary to establish a constitutional violation. *Id*.

Petitioner has failed to overcome, with clear and convincing evidence, the presumption of correctness given the appellate court's finding that Petitioner failed to object to his appearance at trial in jail attire. Thus, Petitioner has failed to demonstrate that the Arizona Court of Appeals decision was based upon an objectively unreasonable determination of the facts. Neither has Petitioner demonstrated that the Court of Appeals' decision was contrary to or an unreasonable application of clearly established Supreme Court precedent. Because Petitioner has failed to satisfy the standard for habeas relief, the court will recommend that the claim in Ground One be denied.

C.  Ground Two

In Ground Two, Petitioner contends that he was deprived of his Sixth Amendment right to the effective assistance of counsel at the trial and appellate stages of his criminal case.

i.      *Exhaustion/Procedural Default*

Respondents concede that Petitioner exhausted Ground Two in the state courts. *See* Answer, at 9 (Asserting only one of Petitioner's claims, Ground Three, is

procedurally defaulted). A review of the state court proceedings demonstrates that Petitioner has exhausted this claim. Accordingly, the Court will address the merits of the claim below.

ii.    <u>Merits</u>

Petitioner's second claim is that the trial court abused its discretion by denying Petitioner effective assistance of counsel, in violation of his Sixth Amendment right to counsel. The record shows that Petitioner waived his right to counsel under *Faretta v. California*, 422 U.S. 806 (1975), and that he thereafter "fired" four advisory counsel before the trial court refused to appoint a fifth one. (Exhibit A, at ¶¶ 14–15; Exhibit B, at ¶¶ 11–14; Exhibit G: Waiver of Counsel; Exhibit H: Waiver of Counsel Minute Entry.) Respondents argue that Petitioner has failed to demonstrate a violation of clearly established federal law.

Petitioner supplies no supporting facts for his argument in his Amended Petition. Though under no obligation to do so, the Court will review the appellate court's ruling on this issue, in light of the claim presented by Petitioner to that court. Petitioner argued in his appellate brief that he was entitled to the "absolute right of counsel of one's own choice." Appellant's Brief, Answer, Ex. D, at 10 (citing *Faretta*, 422 U.S. 806; and *Crooker v. California*, 35 U.S. 433 (1958)).

Petitioner's argument finds no support in controlling Supreme Court precedent. In *Faretta*, the Supreme Court held that the right to counsel encompasses the right of the accused to waive counsel and represent himself at trial. 422 U.S. at 834-35. In fact, where

a competent defendant clearly and unequivocally declares to the trial judge his intention to represent himself, and does not want counsel, the trial court lacks discretion to deny the request so long as it is knowing and voluntary. *Id*. at 835. This is precisely what occurred in Petitioner's case. The trial court conducted a hearing and determined that Petitioner "knowingly, intelligently and voluntarily waived his right to counsel." *See* (Answer, Ex. H.) Petitioner does not contend that the trial court erred, factually or legally, in making this finding. Thus, to the extent Petitioner had a Sixth Amendment right to appointed counsel, *see Gideon v. Wainwright*, 372 U.S. 335 (1963), Petitioner waived his right and did not challenge this waiver in the state court proceedings.

The court next appointed advisory counsel to assist Petitioner. *See (*Answer, Ex. H.)  Three weeks before trial Petitioner moved, for the second time, to dismiss what was by then his fourth appointed advisory counsel. *See* (Answer, Ex. A, at 2.)  The day before trial the court confirmed that it was the Petitioner's intention to proceed on his own, without advisory counsel. *See* Answer, Ex. E, Tr. 6/23/03, at 15. On the day of trial, the trial court informed Petitioner that, if his motion to withdraw was granted there was no time to appoint new advisory counsel, and that Petitioner would be proceeding to trial without advisory counsel if he chose to proceed with his motion to dismiss. Although Petitioner noted that he felt that the circumstances compelled his decision, Petitioner's request to proceed without advisory counsel was unequivocal. Answer, Ex. F, Tr. 6/24/03 at 8. *See United States v. Robinson*, 913 F.2d 712, 714 (9th Cir.1990) ("The fact that some of [defendant's] statements of his preference to proceed pro se were accompanied by

expressions of his feeling 'forced' to do so does not render those statements unequivocal.") The court granted Petitioner's motion to dismiss, and ordered Petitioner's former advisory counsel to remain "on call" in the event Petitioner changed his mind. *Id.* at 15-16.

The Supreme Court has never required or indicated that before a trial court may accept a waiver of counsel from a criminal defendant desiring to proceed *pro se*, it must initiate or conduct an inquiry sufficient to determine whether defendant is alleging that he is being forced to choose between incompetent counsel and proceeding pro se. *Cf. Cook v. Schriro*, 538 F.3d 1000 (9th Cir. 2008) (applying the AEDPA and noting that the Supreme Court has never held that a trial court has a duty to inquire into a defendant's relationship with counsel when he invokes his constitutional right of self-representation). A trial "court only has a duty to inquire into the relationship between defendant and counsel 'once a defendant has made a motion or request for substitute counsel.'" *Id.* at 1016 (citation omitted). No such motion was made by Petitioner. Furthermore, "there is no authority for the proposition that [a defendant] is entitled to an absolutely unconditional choice between exercising his right to counsel and his right to self-representation." *Robinson*, 913 F.2d at 715. In *Robinson*, the Ninth Circuit addressed a defendant's argument on direct appeal of his conviction that he was coerced into self-representation "as a result of ... being faced with the implicit choice of retaining [an] attorney ..., with whom he had apparently had some tactical and strategy disagreements, and proceeding *pro se*." *Id.* at 715–16. The Ninth Circuit concluded that "limitations on

the range of a defendant's free choice with regard to appointed or retained counsel are not constitutionally offensive and do not render a subsequent election of pro se status involuntary." *Id*. at 716.

The crux of Petitioner's argument to the state appellate court was that the trial court erred in failing to "intervene with remedial measures to aid [Petitioner] by appointing new counsel". (Answer, Ex. D, at ¶ 28.) To the extent Petitioner asserts that the failure to appoint a fifth advisory counsel was a violation of his Sixth Amendment right to counsel, Petitioner fails to demonstrate clearly established federal law entitling Petitioner to advisory counsel. *See Locks v. Summer*, 703 F.2d 403, 407-408 (9th Cir. 1983)(appointment of advisory counsel not constitutional right). Petitioner has not cited this court to a United States Supreme Court decision, nor any federal law for that matter, establishing the right of a *pro se* defendant in a non-capital case to advisory counsel. Accordingly, he has failed to establish that the state court's rejection of his argument in this regard is contrary to, or an unreasonable application of clearly established federal law, as required for the granting of habeas relief under AEDPA. *See Moses v. Payne*, 555 F.3d 742, 754 (9th Cir. 2009); *Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir. 2004) ("If no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law").

Petitioner waived his right under the Sixth Amendment to appointed counsel, and did not challenge this waiver in the state court proceedings, and does not challenge this

waiver in the Amended Petition. After Petitioner's fourth advisory counsel was dismissed, at Petitioner's insistence, the appellate court correctly determined that Petitioner had no constitutional right to advisory counsel. This determination was neither contrary to, nor an unreasonable application of, clearly established federal law. Therefore, Petitioner is not entitled to relief on Ground Two.

### D.  Ground Three

In Ground Three, Petitioner contends that his federal due process rights were violated by the trial court's refusal to recuse based on bias and prejudice.

#### i.     *Exhaustion/Procedural Default*

Respondents argue that by raising this claim as a violation of state procedural law only, Petitioner failed to preserve the federal basis of this claim. The undersigned agrees. In making this claim to the Arizona Court of Appeals Petitioner did not assert a federal basis; instead, he rested his argument entirely on Arizona Rule of Criminal Procedure 10.1. (Exhibit D: Appellant's Opening Brief, at 12–13.) The cases cited by Petitioner involved a defendant's right to a peremptory application for a change of judge under Arizona Rules of Criminal Proceeding, *see State v. Neil*, 102 Ariz. 110 (1967) (addressing the timeliness of the filing of the affidavit for change of judge); *Hickox v. Superior Court In and For Maricopa County*, 19 Ariz.App. 195 (1973)(addressing the issue of a motion to withdraw a peremptory challenge); *King v. Superior Court In and For Maricopa County*, 108  Ariz. 492 (1972)(addressing right to a change of judge after mistrial)), or some other ancillary legal argument, *see State v. Puckett*, 92 Ariz. 407

(1963) (addressing the issue of jeopardy when judge disqualifies himself), but not directly raising any issue of constitutional due process rights related to a trial court's refusal to recuse based on bias and prejudice. Petitioner's due process claim was not raised in his direct appeal. The court of appeals found his judicial bias claim untimely, and moot, and reviewed only for fundamental error. (Answer, Ex. A, at ¶¶ 16–17.) The fundamental error review conducted by the appellate court did not exhaust any claim, or aspect thereof, that was not fairly presented by Petitioner. *See Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002)(The state court's fundamental error review does not excuse a petitioner's failure to raise a petitioner's federal claims explicitly.).

Petitioner failed to fairly present Ground Three as a federal claim in state court. If Petitioner were to return to state court now to litigate this claim it would be found waived and untimely under Rules 32.2(a)(3) and 32.4(a) of the Arizona Rules of Criminal Procedure because it does not fall within an exception to preclusion. Ariz.R.Crim.P. 32.2(b); 32.1(d)-(h). This claim is technically exhausted but procedurally defaulted. Petitioner presents no cause for the default. Petitioner's conclusory claim that failure to consider this defaulted claim would result in a "genuine miscarriage of justice", (*see* Reply, at 3-4), is not supported by the evidence or argument he presents, as he makes no attempt to assert, much less demonstrate "sufficient proof of his actual innocence" *See Sistrunk* , 292 F.3d at 672-73. Accordingly, this claim is properly dismissed.

F.    Ground Four

i.    *Exhaustion/Procedural Default*

- 20 -

Petitioner argues that the trial court abused its discretion by failing to cite legal authority in its denial of Petitioner's motion to vacate judgment. This claim was not presented to the state appellate court, and is thus unexhausted. Petitioner cannot return to state court to raise this claim because it would be time-barred and waived under Rules 32.2(a)(3) and 32.4(a) of the Arizona Rules of Criminal Procedure because it does not fall within an exception to preclusion. Ariz.R.Crim.P. 32.2(b); 32.1(d)-(h). Petitioner's claim is thus technically exhausted. *See Franklin v. Johnson*, 290 F.3d 1223, 1231 (9th Cir. 2002). Although such technically exhausted claims may also be procedurally defaulted, *see Coleman*, 501 U.S. at 732, 735 n. 1; *Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007) (*en banc*), the government did not raise the issue of procedural default before the district court and has thus forfeited the issue, *see Franklin*, 290 F.3d at 1229–31; *Vang v. Nevada*, 329 F.3d 1069 (9th Cir. 2003)(Procedural default is an affirmative defense.); *Nardi v. Stewart*, 354 F.3d 1134, 1141 (9th Cir. 2004)(abrogated on other grounds by, *Day v. McDonough*, 547 U.S. 98 (2006)).

## ii. Merits

Accordingly, the Magistrate Judge reviews the claim *de novo*. *See Scott v. Ryan*, 686 F.3d 1130, 1133 (9th Cir. 2012)(where there is no state court decision on the merits, the district court reviews the merits *de novo*). Petitioner argues that the trial court abused its discretion by its "failure to cite [legal support or authority] or fully address with legal support or authority" in its denial of Petitioner's motion to vacate judgment. Petitioner further asserts that neither the Arizona Court of Appeals, nor the Arizona Supreme Court

addressed the matter of the motion to vacate judgment, in violation of the Fifth and Fourteenth Amendment of the United States Constitution. (Amended Petition, at 8.)

Petitioner provides no additional facts to explain this claim, nor does he assert that he suffered prejudice from any of these alleged deficiencies. These minimal conclusory allegations are insufficient for habeas relief. *See* Rule 2, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring petition to state the facts in support of each claim); *Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir. 2011) ("[Petitioner's] cursory and vague claim cannot support habeas relief."); *Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) ("It is well-settled that conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.") (punctuation modified); *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (holding that vague and conclusory allegations of ineffective assistance do not warrant habeas relief). Thus, this claim is subject to dismissal.

Further, "[t]he threshold question under AEDPA is whether [the petitioner] seeks to apply a rule of law that was clearly established at the time his state-court conviction became final." *Williams v. Taylor*, 529 U.S. at 390. Petitioner's Ground Four is not cognizable under 28 U.S.C. §2254 because Petitioner's allegation that the trial court abused its discretion by denying a motion without citing relevant authority does not address a federal or constitutional issue on which the Supreme Court has "broken sufficient legal ground" and is thus not cognizable under 28 U.S.C. § 2254(a).

Petitioner submits that the Arizona Court of Appeals and Arizona Supreme Court

violated his constitutional rights by failing to address the motion to vacate judgment. Petitioner fails to demonstrate clearly established federal law entitling Petitioner to a review of the trial court's denial of a motion when Petitioner fails to raise the claim before the appellate courts. Petitioner has not cited this court to a United States Supreme Court decision, nor any federal law for that matter, establishing such a right of review of trial court decisions absent a failure to raise the issue on appeal, or in post-trial proceedings. Accordingly, he has failed to establish that the state court's failure to reach this argument is contrary to, or an unreasonable application of clearly established federal law, as required for the granting of habeas relief under AEDPA. *See Moses,* 555 F.3d at 754; *Brewer,* 378 F.3d at 955 ("If no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law").

Accordingly, the Magistrate Judge recommends that the District Court, after its independent review, summarily dismiss Ground Four as vague and conclusory, and for failure to raise a cognizable federal claim.

## IV.   RECOMMENDATION

The Magistrate Judge recommends that the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 6) be DENIED and DISMISSED WITH PREJUDICE.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections

- 23 -

within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed.R.Civ.P. 72(b). No reply to any response shall be filed. *See id.* If objections are filed the parties should use the following case number: **CV 11-618-TUC-JGZ.**

    If objections are not timely filed, then the parties' right to de novo review by the District Court may be deemed waived.

    Dated this 6th day of January, 2014.


_____
Bernardo P. Velasco
United States Magistrate Judge